# EXHIBIT 1

| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO<br><br>Court Address:<br>7325 S. Potomac Street<br>Centennial, Colorado  80112 | DATE FILED: March 6, 2020 3:29 PM<br>FILING ID: A96A3F9F71AF0<br>CASE NUMBER: 2020CV30593 |
| **Plaintiffs:**<br><br>CRAIG HOSPITAL, a Colorado nonprofit corporation, and CNS MEDICAL GROUP, PC, a Colorado professional corporation,<br><br>v.<br><br>**Defendants:**<br><br>BLUE CROSS AND BLUE SHIELD OF SOUTH CAROLINA, a foreign corporation, and ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICES, INC. d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD, a Colorado Corporation, and CROSS COUNTRY HEALTHCARE, INC. MEDICAL DENTAL, LIFE AND DISABILITY PLAN, an employee welfare benefit plan. | ▲ COURT USE ONLY ▲<br><br>Case Number:<br><br>Div.: |
| Attorney for Plaintiffs:<br>R. Craig Ewing<br>Ewing Law, PC<br>3900 S. Wadsworth Blvd., Suite 370<br>Lakewood, CO 80235<br>T:  303-566-9968<br>F: 720-302-0300<br>rcraigewing@gmail.com<br>Atty. Reg. #: 10189 | |
| **COMPLAINT AND JURY DEMAND** | |

The Plaintiffs, Craig Hospital and CNS Medical Group, PC, by and through their attorney, R. Craig Ewing of Ewing Law, PC, bring this Complaint against Blue Cross Blue Shield of South Carolina,  Rocky Mountain Hospital and Medical Service, Inc. d/b/a Anthem Blue Cross and Blue Shield ("Anthem") and Cross Country Healthcare, Inc. Medical, Dental, Life and Disability Plan ("Plan").  As grounds therefore, the Plaintiffs state and allege as follows:

**JURISDICTION AND VENUE**

1

1.      Plaintiff Craig Hospital is a licensed hospital and Colorado nonprofit corporation with its principal place of business located at 3425 S. Clarkson Street, Englewood, Arapahoe County, Colorado 80113.

2.      Plaintiff CNS Medical Group, PC ("CNS") is a Colorado professional corporation with its principal place of business located at 3425 S. Clarkson Street, Englewood, Arapahoe County, Colorado 80113.

3.      Defendant Blue Cross and Blue Shield of South Carolina ("BCBSSC") is a South Carolina Corporation with a principal place of business located at 1-20 at Alpine Road AA-270, Columbia, South Carolina 29219.

4.      BCBSSC's registered agent for service of process is Duncan S. McIntosh, I-20 at Alpine Road, AA-270, Columbia, South Carolina 29219.

5.      Upon information and belief, BCBSSC performed certain administrative tasks for the Plan that included verification of eligibility and benefits, clams processing and appeals.  Because the Plan provides health and welfare benefits to participants and beneficiaries in Colorado, BCBSSC has minimum contacts with the State of Colorado and transacted business in the State of Colorado pursuant to Colorado's long-arm statue, C.R.S. § 13-1-124(1)(a).  In addition, BCBSSC committed a tort in the State of Colorado making personal jurisdiction appropriate pursuant to C.R.S. § 13-1-124(1)(b). *See* General Allegations, *infra*.

6.      Defendant Anthem is a Colorado corporation with a principal address of 700 Broadway, Denver, Colorado 80203.

7.      Anthem's registered agent for service of process is The Corporation Company, 7700 E. Arapahoe Road, Suite 220, Centennial, Colorado 80112-1268.

8.      According to the Colorado Secretary of State's website, Anthem does business in Colorado.

9.      Defendant Plan is, upon information and belief, an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA").

10.     Upon information and belief, service of process may be made upon the Plan by service upon the Plan Sponsor, Cross Country Healthcare, Inc., 5201 Congress Avenue, Suite 100-B, Boca Raton, Florida 33487.

11.     The Plan has minimum contacts and conducts business within the State of Colorado because it provides health benefits to residents located in the State of Colorado.  The Plan also committed a tort in the State of Colorado.

2

12. Venue is proper pursuant to Rule 98(c) of the Colorado Rules of Civil Procedure because the contract at issue was to be performed in Arapahoe County and the tort was committed in Arapahoe County.

13. This is an action brought by the Plaintiffs for negligent misrepresentation, breach of contract, tortious interference with contract and violations of C.R.S. § 10-3-1115 and C.R.S. § 10-3-1116.

## **GENERAL ALLEGATIONS**

14. All preceding allegations are fully incorporated herein by reference.

15. The Patient[1] sustained a spinal cord injury that resulted in paraplegia on March 4, 2018. The Patient was a backseat passenger in a car when shots were fired at the car by an unknown assailant. The bullet entered Patient through the posterior middle left upper back causing T6-7 and T8 fractures.

16. After receiving acute medical care from Oklahoma University Medical Center, the Patient was transferred to Craig Hospital on March 13, 2018.

17. At the time of the Patient's admission to Craig Hospital, the Patient's admitting diagnoses included: (a) acute spinal cord injury from gunshot wound resulting in T5 AIS A complete paraplegia; (b) right scapular fracture; (c) right third rib fracture with pneumothorax and right pulmonary laceration and contusion; (d) neurogenic bowel and bladder; (e) neuropathic pain; and (f) musculoskeletal pain.

18. On March 7, 2018, prior to the Patient's admission to Craig Hospital, Craig Hospital's admissions representative contacted the Plan to verify the Patient's eligibility and benefits.[2] The Plan, through Blue Cross Blue Shield of South Carolina ("BCBSSC"), verified that the Patient's effective date of coverage was January 1, 2018 and the Patient was currently a beneficiary of the Plan.

19. The Plan, through BCBSSC, also confirmed that Craig Hospital was "in-network" or "participating" with the Plan and Rocky Mountain Hospital and Medical Service Inc. d/b/a Anthem Blue Cross and Blue Shield and HMO Colorado Inc. ("Anthem") by virtue of the Anthem Blue Cross and Blue Shield Hospital Agreement ("Provider Agreement") with Anthem.

20. Thereafter, the Plan and BCBSSC authorized the Patient's care at Craig Hospital (and the services provided by CNS) and continued to authorize the Patient's care at Craig Hospital (and the services provided by CNS) for the duration

---

[1] In order to protect the Patient's privacy, we are not referring to the Patient by his or her name. The Patient's member identification number is CXN536977723956.

[2] Craig Hospital's admission's representative verifies eligibility and benefits on behalf of CNS, the physician group that provides physician services to patients who are admitted to Craig Hospital.

3

of the Patient's stay at Craig Hospital. The Patient was an inpatient at Craig Hospital from March 13, 2018 through May 11, 2018.

21. According to the terms of the Provider Agreement, Craig Hospital agreed to provide covered services to any person who is covered under another Blue Cross Blue Shield out of area or reciprocal program and accept payment for those services at a discounted rate. Provider Agreement ¶ 2.15.

22. The Provider Agreement requires Anthem to issue payment for a covered person's medically necessary care in accordance with the terms and conditions of the covered person's health benefit plan. Provider Agreement, generally.

23. The Provider Agreement states that the provisions of the Provider Agreement shall apply to charges for covered services under the out of area or reciprocal program. Provider Agreement, ¶ 2.15.

24. Craig Hospital and CNS submitted claims for payment for the Patient's care to the Plan and BCBSSC through Anthem via the "Blue Card" program.

25. On or about June 29, 2018, a representative of Craig Hospital called Anthem for the status of its claims. Craig Hospital was told that the Patient's claim was denied on May 5, 2018 because the Patient did not submit a workers' compensation claim questionnaire. Craig Hospital's representative explained that the Patient's injury was not work-related. Anthem's representative advised Craig Hospital that she would forward all the claims to the benefits office for an additional review.

26. On or about July 24, 2018, Craig Hospital noted that it received correspondence dated July 10, 2018 stating that the Patient's claims were denied because the Plan/BCBSSC did not receive an accident questionnaire from the Patient.

27. Craig Hospital's representative called the Patient on or about July 24, 2018 and asked him/her to complete the questionnaire that was allegedly needed by Defendants in order to process the Patient's claims.

28. On or about August 8, 2018, Craig Hospital's representative called Anthem to see whether the questionnaire had been received by Defendants. Craig Hospital was told that Anthem's representative would email the benefits office to check if the information had been received and to allow seven days for a response.

29. On or about August 23, 2018, Craig Hospital was informed that the information had not been received from the Patient.

4

30. On or about September 6, 2018 and October 1, 2018, Anthem advised Craig Hospital that the questionnaire still had not been received from the Patient.

31. On or about October 3, 2018, Craig Hospital's billing representative contacted the Patient's mother and asked her to contact BCBSSC/Plan regarding the questionnaire.

32. Craig Hospital's billing representative contacted Anthem again on or about October 24, 2018 regarding the status of the Patient's claims. Craig Hospital's representative was told that there was no payment information and that she would email the benefit office to see if the questionnaire had been received.

33. Craig Hospital's billing representative left the Patient's mother voice mail messages regarding the information sought by BCBSSC/Plan on November 23, 2018 and December 6, 2018.

34. On or about April 2, 2019, Anthem told Craig Hospital that cycle bills one and two were processed on January 4, 2019 and denied because there was no dependent coverage.

35. On or about April 3, 2019, Anthem told Craig Hospital that cycle bills three and five were processed on January 4, 2019 and denied because there was no dependent coverage.

36. On or about April 18, 2019, Craig Hospital's billing representative called BCBSSC's automated line and was told that the Patient's coverage with the Plan terminated on January 1, 2019. Thereafter, Craig Hospital's billing representative called Anthem and was told that the "home plan" had no record of the Patient being added to the Plan.

37. Craig Hospital, through the undersigned, wrote to Anthem and BCBSSC asking them to issue payment for the Patient's care at Craig Hospital if there was dependent coverage and advised them that Craig Hospital had a claim for negligent misrepresentation if there was no dependent coverage.

38. On or about September 5, 2019, BCBSSC responded to Craig Hospital's correspondence advising, among other things, that the self-funded employer group determines eligibility for coverage and the benefits available to the Patient. BCBSSC further stated that on December 20, 2018, the employer group terminated the Patient's coverage retroactive to January 1, 2018, the Patient's effective date of coverage.

39. Craig Hospital, through the undersigned, wrote Cross Country Healthcare, Inc. on November 14, 2019 advising it that it was Craig Hospital's understanding that the self-funded employer group retroactively terminated the

5

Patient's coverage, and, therefore Craig Hospital had a potential claim for negligent misrepresentation against Cross Country Healthcare, Inc.

40. On November 26, 2019, the undersigned received an email from a representative of Cross Country Healthcare, Inc. advising Craig Hospital that the Patient was covered by the Plan through December 31, 2018. Cross Country Healthcare, Inc.'s representative instructed Craig Hospital and CNS to resubmit the Patient's claims prior to December 31, 2019 because Blue Cross Blue Shield would no longer process claims submitted after December 31, 2019.

41. Craig Hospital and CNS resubmitted the Patient's claims along with the Patient's medical records from Craig Hospital, itemized statements and a copy of the email from Cross County Healthcare, Inc.'s representative advising that the Patient was covered by the Plan via certified mail on December 4, 2019. The claims were received by Anthem on December 9, 2019.

42. A representative of the undersigned's firm contacted Anthem for the status of the payment of the Patient's claims on February 25, 2020. Anthem advised the representative that the claim for dates of service spanning from March 13, 2018 through March 27, 2018 was denied on January 27, 2020 due to the Patient not being a plan member. The claims for dates of service March 28, 2018 through April 11, 2018, April 12, 2018 through April 26, 2018, and April 27, 2018 through May 11, 2018 were denied as of January 29, 2020 because Anthem has not received the accident questionnaire from the member.

43. Plaintiffs, through the undersigned, again reached out to Cross Country Healthcare, Inc. via correspondence dated February 26, 2020 and advised Cross Country Healthcare, Inc. that the Patient's claims were again denied because the Patient was not a covered beneficiary of the Plan and because of the lack of the accident questionnaire. The undersigned requested Cross Country Healthcare, Inc.'s assistance in sorting these issues out with BCBSSC.

44. In an email dated March 3, 2020, a representative of Cross Country Healthcare, Inc. wrote that the undersigned's correspondence was forwarded to Cross Country Healthcare, Inc.'s human resources department and it was working with the insurance company to work the issue out.

45. In the course of transacting its business of providing health care benefits, BCBSSC specifically directed its business activities to Colorado by agreeing to provide claims administration services a health benefit plan for Cross Country Healthcare, Inc. that provides benefits to employees located in Colorado.

46. In the course of transacting its business of providing health care benefits to Patient and other individuals in Colorado, BCBSSC reached into Colorado by participating in a contractual scheme to provide and pay for medically necessary care provided as part of the Blue Cross Blue Shield out of area program

6

that allows its members to access Craig Hospital at an in-network benefit level and have an adequate number of network providers to provide the type of specialized care available at Craig Hospital.

### FIRST CLAIM FOR RELIEF – NEGLIGENT MISREPRESENTATOIN[3]

*Against BCBSSC and the Plan*

47. All preceding allegations are fully incorporated herein by reference.

48. As noted above, Craig Hospital called BCBSSC prior to the Patient's admission to Craig Hospital.

49. BCBSSC is an agent of the Plan because it performed administrative services on behalf of the Plan, that included, among other things, verification of eligibility and benefits and claims processing.

50. To the extent the Patient was not a beneficiary of the Plan, BCBSSC and the Plan gave false information Plaintiffs when they confirmed that the Patient was a beneficiary of the Plan.

51. BCBSSC and the Plan gave such information to Plaintiffs in the course of the of their business of providing health benefits to participants and beneficiaries of the Plan.

52. BCBSSC and the Plan gave such information to Plaintiffs for guidance and use in a business transaction. That is, to assess their risk in admitting and providing medical treatment to the Patient.

53. To the extent that the Patient was not a beneficiary of the Plan, BCBSSC and the Plan were negligent in obtaining or communicating the information. BCBSSC and the Plan knew or should have known whether the Patient was eligible to receive benefits under the terms of the Plan.

54. BCBSSC gave the information regarding the Patient's eligibility knowing that the Plaintiffs would act in reliance upon the information. It is the custom and practice in the business of health benefits and health care that medical providers rely on a health benefit plan's verification of eligibility and coverage when assessing its financial risk in admitting and treating a patient.

55. The Plaintiffs reasonably relied upon BCBSSC's verification of the Patient's eligibility and the benefits available to the Patient when it decided to admit and treat the Patient. It is the custom and practice in the business of health benefits

---

[3] To the extent the Patient was not a beneficiary of the Plan, Craig Hospital brings this claim in an abundance of caution to thwart a defense based upon the statute of limitations.

and health care to rely upon a health benefit plan's verification of eligibility and benefits.

56. Plaintiffs' reliance upon the information supplied by BCBSSC and the Plan caused them damages. Plaintiffs have not been paid for the care provided to the Patient.

## SECOND CLAIM FOR RELIEF – TORTIOUS INTERFERENCE WITH CONTRACT

*Against BCBSSC*

57. All preceding allegations are fully incorporated herein by reference.

58. To the extent the Patient was a beneficiary of the Plan during the time period the Patient was hospitalized at Craig Hospital, BCBSSC wrongfully determined that the Patient's claims were not payable.

59. Plaintiffs are contracted with Anthem. The contract between Plaintiffs and Anthem requires Anthem to issue payment for medically necessary care in accordance with the covered person's health benefits plan, including those services provided pursuant to reciprocal or out of area programs.

60. The Patient's care at Craig Hospital and the services provided by CNS were medically necessary due to the severity of the Patient's injuries and the Patient's need to learn skills that included use of a wheelchair and activities of daily living while paralyzed. Notably, the entirety of the Patient's care at Craig Hospital and the services provided by CNS were authorized by the Plan.

61. To the extent that the Patient was a beneficiary of the Plan during the time period the Patient was hospitalized at Craig Hospital, BCBSSC failed to recognize that the Patient was a beneficiary of the Plan thereby preventing Anthem from issuing payment to Plaintiffs for the Patient's medically necessary care.

62. BCBSSC knew about the contracts between Plaintiffs and Anthem because they knew that Plaintiffs were considered in-network providers. Its failure to recognize that the Patient was a beneficiary of the Plan and failure to approve coverage for the care provided by Plaintiffs constitutes tortious interference with the contracts between Plaintiffs and Anthem.

63. BCBSSC both by words and conduct intentionally caused Anthem to not issue payment for the Patient's medically necessary care in accordance with the terms of the Patient's health benefit plan and the contracts between Plaintiffs and Anthem because it conditioned payment upon receipt of the accident questionnaire and incorrectly determined that the Patient was not a beneficiary of the Plan.

8

64. BCBSSC's interference with the contracts between Plaintiffs and Anthem was improper and not made with reasonable diligence because as the entity responsible for verifying a participant or beneficiary's eligibility and benefits and processing claims, it knew or should have known whether the Patient was eligible for coverage under the terms of the Plan.

65. BCBSSC's interference with the contracts between Plaintiffs and Anthem was improper and not made with reasonable diligence because it could have contacted Cross Country Healthcare Inc. to confirm whether or not the Patient was a beneficiary of the Plan when it received a copy of Cross Country Healthcare, Inc.'s email stating that the Patient was a beneficiary of the Plan when Plaintiffs resubmitted their claims on December 4, 2019.

66. BCBSSC's interference with the contracts between Plaintiffs and Anthem was improper and not made with reasonable diligence because it conditioned approval of benefits upon receipt of an accident questionnaire from the Patient when it could have contacted the police regarding the shooting and vehicles involved to determine whether there was any third party liability.

67. As a direct and proximate result of BCBSSC's tortious interference with contract noted above, Plaintiffs suffered monetary damages. Plaintiffs have not been paid for the care provided to the Patient.

### THIRD CLAIM FOR RELIEF – BREACH OF CONTRACT

*Against Anthem*

68. All preceding allegations are fully incorporated herein by reference.

69. As noted above, Plaintiffs are contracted provider with Anthem.

70. According to the contract between Craig Hospital and Anthem, Anthem was obligated to ensure that plans, as defined by the contract, provide a means to identify covered individuals. The contract states, in relevant part, as follows:

> *Anthem shall ensure that Plan provides a means of identifying Covered Individual either by issuing a paper, plastic, or other identification document to the Covered Individual or by a telephonic, paper or electronic communication to the Facility. The identification need not include all information necessary to determine Covered Individual's eligibility at the time a Health Service is rendered, but shall include information necessary to contact Plan to determine Covered Individual's participation and the applicable Health Benefit Plan.*

9

71.     To the extent the Patient was not a beneficiary of the Plan, Anthem breached the contract by failing to ensure that the Plan provided a mechanism to allow Plaintiffs to determent whether the Patient was a beneficiary of the Plan.

72.     In addition, the contracts between Plaintiffs and Anthem require Anthem to issue payment for a Patient's medically necessary care.[4]

73.     Anthem breached the contracts between it and Plaintiffs by failing to issue payment to Plaintiffs for the Patient's medically necessary care at Craig Hospital.

74.     As a direct and proximate result of Anthem's breach of contract, Plaintiffs suffered monetary damages.

## FOURTH CLAIM FOR RELIEF – VIOLATION OF C.R.S. § 10-3-1115[5]

### Against all Defendants

75.     All preceding allegations are fully incorporated herein by reference.

76.     C.R.S. § 10-3-1115 prohibits a person engaged in the business of insurance from unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of any first party claimant.

77.     Plaintiffs are participating providers with Anthem, BCBSSC and the Plan and are entitled to benefits owed directly to or on behalf of Patient.

78.     C.R.S. § 10-3-1116 provides that a first-party claimants such as Plaintiffs under C.R.S. § 10-3-1115 whose claims for benefits has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees, court costs and two times the covered benefit.

79.     Defendants unreasonably denied payment of Patient's claims for benefits by failing to approve payment to Plaintiffs for Patient's medically necessary care at Craig Hospital.

80.     Defendants unreasonably delayed payment for Patient's claims for benefits by conditioning payment to Plaintiffs upon receipt of an accident questionnaire from the Patient.

---

[4] Craig Hospital's contract with Anthem contains a definition of medical necessity that is separate and apart from any definition of medical necessity that may be contained in the Plan.

[5] Plaintiffs bring this claim based upon the obligations imposed upon the Defendants under the Blue Card Program and the provider contracts between Plaintiffs and Anthem.

81. As a result of Defendants' unreasonable denial of payment of benefits, Plaintiffs suffered monetary damages and are entitled to reasonable attorney fees, court costs and two times the covered benefit pursuant to C.R.S. § 10-3-1116.

## JURY DEMAND

Plaintiffs Craig Hospital and CNS hereby demand a trial to a jury of six on all issues so triable.

WHEREFORE, Plaintiffs Craig Hospital and CNS Medical Group, PC respectfully pray for entry of judgment in their favor and against Defendants on all matters asserted in this Complaint; compensatory damages as permitted by law; attorney's fees; interest as permitted by law; expert witness fees; costs; two times the covered benefit pursuant to C.R.S. § 10-3-1116; and such other and further relief as the Court deems just and proper.

Dated this 6th day of March 2020.

EWING LAW PC

s/ R. Craig Ewing
_____
R. Craig Ewing
ATTORNEY FOR THE PLAINTIFFS

ADDRESS OF PLAINTIFFS:

Craig Hospital
3425 S. Clarkson Street
Englewood, CO  80113

CNS Medical Group, PC
3425 S. Clarkson Street
Englewood, CO  80113

11